# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# DENVER DIVISION

| | |
|---|---|
| **Saros Licensing LLC,**  Plaintiff,  v.  **Vaisala, Inc.,**  Defendant. | Case No. _____  Patent Case  Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Saros Licensing LLC ("Saros"), through its attorneys, complains of Vaisala, Inc. ("Vaisala"), and alleges the following:

### PARTIES

1. Plaintiff Saros Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 15922 Eldorado Pkwy, Suite 500-1640, Frisco, TX 75035.

2. Defendant Vaisala, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 194 S Taylor Ave, Louisville, CO 80027.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.  This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6.  Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Saros has suffered harm in this district.

## PATENT-IN-SUIT

7.  Saros is the assignee of all right, title and interest in United States Patent No. 6,480,753 (the "'753 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Saros possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## The '753 Patent

8.  The '753 Patent is entitled "Communications, particularly in the domestic environment," and issued 11/12/2002. The application leading to the '753 Patent was filed on 9/2/1999. A true and correct copy of the '753 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9.  The '753 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '753 PATENT

10. Saros incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '753 Patent in at least this District by making, using, offering to sell, selling

and/or importing, without limitation, at least the Vaisala products identified in the charts incorporated into this Count below (among the "Exemplary Vaisala Products") that infringe at least the exemplary claims of the '753 Patent also identified in the charts incorporated into this Count below (the "Exemplary '753 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '753 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Exhibit 2 includes charts comparing the Exemplary '753 Patent Claims to the Exemplary Vaisala Products. As set forth in these charts, the Exemplary Vaisala Products practice the technology claimed by the '753 Patent. Accordingly, the Exemplary Vaisala Products incorporated in these charts satisfy all elements of the Exemplary '753 Patent Claims.

13. Saros therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

14. Saros is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

15. Under Rule 38(b) of the Federal Rules of Civil Procedure, Saros respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Saros respectfully requests the following relief:

    A.    A judgment that the '753 Patent is valid and enforceable;

    B.    A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '753 Patent;

    C.    An accounting of all damages not presented at trial;

D. A judgment that awards Saros all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Saros for Defendant's infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Saros be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

  ii. that Saros be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Saros be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: January 30, 2020          Respectfully submitted,

*/s/ Isaac Rabicoff*
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Saros Licensing LLC**